UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------:<br>In re: :<br>ENRON CREDITORS RECOVERY :<br>CORP., *et al.*, :<br>        Reorganized Debtors :<br>------------------------------------------------X<br>ENRON CREDITORS RECOVERY :<br>CORP., :<br> :<br> :<br> :<br>        Appellant, :<br> :<br>    - against - :<br> :<br>INTERNATIONAL FINANCE CORP., :<br>*et al.*, :<br>        Appellees. :<br>------------------------------------------------X | Chapter 11<br>Case No. 01-16034 (AJG)<br><br>Jointly Administered<br><br>Adv. Pro. No. 03-93370 (AJG)<br><br>**<u>ORDER REVERSING AND<br>REMANDING JUDGMENT OF THE<br>BANKRUPTCY COURT</u>**<br><br><br><br>07 Civ. 6597 (AKH) |

ALVIN K. HELLERSTEIN, UNITED STATES DISTRICT JUDGE:

        Appellants Enron Creditors Recovery Corp. ("Enron") filed an appeal from the final judgment of the Bankruptcy Court for the Southern District of New York. In the lower court's opinion, dated May 18, 2006, Judge Gonzalez granted appellees' Caisse de Dépôt ("Caisse") and National Australia Bank's ("NAB") motion to dismiss the counts against these defendants, Counts II and III of the Complaint. On April 16, 2008, the parties appeared before me for oral argument of the appeal. For the reasons stated on the record, the judgment of the bankruptcy court is reversed and remanded. The bankruptcy court is instructed to grant appellants leave to amend the Complaint to show 1) the commercial context of the underlying transactions that are part of the lawsuit; 2) why, given the circumstances of those transactions, appellants have no practical ability to effect a recovery under 11 U.S.C. § 550(a)(2), unless a declaration of avoidance against the initial transferee can be made simultaneously, or prior to,

with a declaration authorizing a recovery against a subsequent transferee. The Clerk shall mark the case as closed.

SO ORDERED.

Dated: New York, New York
April 16, 2008

ALVIN K. HELLERSTEIN
United States District Judge